IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE LAZARO BRITO ROSALES, § § *Petitioner*, § § V. § § KRISTI NOEM, in Her Official Capacity as § Secretary of the U.S. Department of Homeland § Security; TODD M. LYONS, in His Official § Capacity as Acting Director of U.S. Immigration § and Customs Enforcement; MIGUEL § VERGARA, in His Official Capacity as § Director of the San Antonio Field Office of ICE, § Enforcement and Removal Operations; § RAYMOND E. THOMPSON, Warden of the § Karnes County Immigration Processing Center; § and DAREN K. MARGOLIN, Director of the § Executive Office for Immigration Review, § § *Respondents*. § | CIVIL ACTION NO. SA-25-CV-01872-FB |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Jose Lazaro Brito Rosales' ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (docket no. 1) and the Federal Respondents' ("Respondents") response (docket no. 4). After careful consideration, the petition (docket no. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Jose Lazaro Brito Rosales (File No. A220-511-129) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than noon on January 12, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Guillermo M. Hernandez, III, ghernandez@rhc.law, (210) 922-8547] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

5. Respondents shall **FILE** a Status Report **no later than 5:00 p.m. January 12, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## I. BACKGROUND

Respondents have held Petitioner in immigration custody since his arrest by Respondents on September 17, 2025. They currently hold him subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(1).

Petitioner, a citizen of Cuba, entered the United States without inspection on September 21, 2021. He was arrested, briefly detained and released on his own recognizance. Respondents served Petitioner with a Notice to Appear ("NTA") and initiated removal proceedings before releasing him. They charged him with being present in the United States without having been inspected or admitted under Section 212(a)(6)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182(a)(6)(A)(i). The issued NTA placed him in "full" removal proceedings. The NTA identified Petitioner as "an alien present in the United States who has not been admitted or paroled"—not as an "arriving alien"—and charged him with (1) being present in the United States without being admitted or paroled (under 8 U.S.C. § 1182(a)(6)(A)(i)), or (2) "who arrived in the United States at any time or place other than as designated by the Attorney General."

Petitioner has faithfully complied with the terms of his release. Nothing of record reveals any violations of the conditions of his release.

When Petitioner arrived at a routine check-in on September 17, 2025, he was arrested and taken into custody. When Immigration and Customs Enforcement ("ICE") detained him, it provided no reason for his detention and did not vacate or modify conditions of release. Respondents state that Petitioner is being lawfully detained pending his removal proceedings. (Docket no. 4 at page 1) ("Petitioner is lawfully detained on a mandatory basis as an applicant for admission pending removal proceedings before an immigration judge.").

In the instant habeas petition, Petitioner asserts various claims, including that his detention violates (1) the due process clause of the Fifth Amendment, (2) provisions of the INA, and (3) the Administrative Procedure Act ("APA"). His primary argument is that his detention violates the plain language of the INA because § 1225 does not apply to individuals who previously entered and are now residing in the United States. Instead, Petitioner contends such individuals are subject to a different statute, § 1226(a) that (1) expressly applies to individuals who are charged as inadmissible for having entered the United States without inspection and (2) allows for release on conditional parole or bond. He contends that Respondents' new legal interpretation based on the BIA ruling, *In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like him.

## II. LEGAL STANDARD

Habeas petitioners must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, ___ F. Supp. 3d ___, ___, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). They "bear[] the

burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [this] burden of proof by a preponderance of the evidence." *Id*. (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). Courts "considering a habeas petition must 'determine the facts and dispose of the matter as law and justice require.'" *Id*. (quoting 28 U.S.C. § 2243).

### III. DISCUSSION[1]

Petitioner argues his continued detention by ICE is based on Respondents' novel reading of 8 U.S.C. § 1225, which was adopted by the Board of Immigration Appeals on September 5, 2025. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025). Respondents assert that they properly detain Petitioner under § 1225(b)(1) and expressly deny any detention under § 1225(b)(2). They characterize Petitioner as "an applicant for admission" who was "intercepted at or near the port of entry shortly after unlawfully entering" the United States. They thus contend that he is properly described under § 1225(b)(1)(A)(iii)(II), and not under the "catchall" provision of § 1225(b)(2)(A). According to Respondents:

> The main difference between those described under § 1225(b)(1)(A)(iii)(II), and not under the "catchall" provision (1225(b)(2)) is that the (b)(1) group is apprehended within two years of unlawful entry, and DHS has the discretion to either place them into expedited removal proceedings or issue an NTA to place them into "full" removal proceedings. Aliens detained under the catchall provision, however, are not eligible to be placed into expedited removal proceedings and are subject only to "full" removal proceedings.

---

[1] In its analysis of the facts, issues, and arguments presented in this case, the Court notes close similarity to that presented in many recent Petitions for Writ of Habeas Corpus filed in the Western District of Texas, and specifically, the San Antonio Division. The Court finds the reasoning in these similar cases persuasive and finds the ultimate determination based upon this reasoning correct. For that reason, and for the sake of expediency, the Court follows these opinions closely. *See, e.g., Gonzales-Gomez v. Bondi*, No. SA-25-CV-1861-JPK (filed January 6, 2026)*; Guevara-Vasquez v. Thompson*, No. SA-25-CV-01372-XR (filed Nov. 25, 2025); *Acea-Martinez v. Noem,* No. SA-25-CV-01390-XR (filed Oct. 28, 2025).

(Docket no. 4 at page 3). As contended by Respondents, Petitioner is detained under § 1225(b)(1)(A)(iii)(II) because he was apprehended in 2021, after he unlawfully entered the United States and was not placed in expedited removal proceedings. They contend that § 1225(b) allows indefinite detention without a bond hearing. Further, given the plain language of § 1225(a)(1), Respondents contend Petitioner cannot dispute that he is an applicant for admission, nor can he plausibly challenge the determination that he is "seeking admission" simply because he is not currently at the border requesting to come into the United States. Respondents also challenge this Court's jurisdiction. The Court will address the jurisdictional challenges first.

**A. Challenges to Jurisdiction**

As a threshold matter, Respondents argue that 8 U.S.C. §§ 1252(g), 1225(b)(4) and 1225(b)(9) preclude review of Petitioner's claims. The Court addresses each section in turn.

**1. Section 1252(g)**

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [Chapter 12 of Title 8 of the United States Code]." The Supreme Court has emphasized that § 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to *'commence proceedings, adjudicate cases, or execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). This provision "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate section 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned

-5-

up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Petitioner does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. He instead specifically challenges the decision, or basis, to detain him. For this reason, § 1252(g) does not deprive the Court of jurisdiction under these facts and specific challenge. *Gonzalez-Gomez v. Bondi*, No. SA-25-CV-1861-JKP (filed Jan. 6, 2026) (citing *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025)).

**2. Section 1225(b)(4)**

Respondents' arguments under 8 U.S.C. § 1225(b)(4) are also without merit. Section 1225(b)(4) provides:

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(4). This section is not relevant in cases like this one involving "an 'applicant for admission' who has not received a favorable determination of his admissibility." *Erazo Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025). Nor does it pose a jurisdictional bar in such cases. *Id.; see also Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. EP 25-CV-470-KC, 2025 WL 3123828, at *2 (W.D. Tex. Nov. 7, 2025) (rejecting same argument).

To the extent Respondents "intended to refer to § 1225(b)(4) as a jurisdictional bar to Petitioner's claims, the Court finds nothing in that subsection that bars its jurisdiction here." *Cardona-Lozano v. Noem*, No. 1:25-CV 1784-RP, 2025 WL 3218244, at *1 n.2 (W.D. Tex. Nov. 14, 2025). And "to the extent that Respondents invoke § 1252(b)(4), that section fails to assert a valid jurisdictional bar." *Id*. at *2. "Because Petitioner does not assert a challenge to an order of removal,

nothing in that subsection bars Petitioner from seeking relief from his continued detention in this case." *Id*.

Similarly, to the extent Respondents merely intend to use § 1225(b)(4) to bolster a jurisdictional argument under § 1252(b)(9), the Court will restate its position on the § 1252(b)(9) jurisdictional issue beginning with the next paragraph. But "their appeal to § 1225(b)(4) does not alter the Court's prior conclusion that § 1252(b)(9) does not bar it from hearing a habeas petitioner's challenge to their detention." *Erazo Rojas*, 2025 WL 3038262, at *2.

**3. Section 1252(b)(9)**

To the extent Respondents contend that 8 U.S.C. § 1252(b)(9) presents a jurisdictional bar, the Court does not agree. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up); *see also Nielsen v. Preap*, 586 U.S. 392, 402 (2019). This provision "does not . . . 'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien' . . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. ICE*, 510 F.3d 1, 10 (1st Cir. 2007)).

Courts have found that "certain claims are excluded from the sweep of section 1252(b)(9) by virtue of legislative intent and judicial precedent." *Aguilar*, 510 F.3d at 11. For example, challenging a decision to deny a bond hearing does not present circumstances that manifest a jurisdictional bar under § 1252(b)(9). *Preap*, 586 U.S. at 402. And the provision's "legislative history indicates that Congress intended to create an exception for claims 'independent' of removal." *Aguilar*, 510 F.3d at 11.

Importantly, § 1252(b) merely sets forth nine applicable requirements "[w]ith respect to review of an order of removal under subsection (a)(1)." *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025) (quoting introductory text of § 1252(b)). The circumstances of this case do not place any order of removal at issue. "Contrary to the government's position, the mere fact that a noncitizen is detained does not deprive district courts of jurisdiction under § 1252(b)(9)." *Id*. As stated by the Supreme Court: "The question is not whether *detention* is an action taken to remove an alien but whether *the legal questions* in this case arise from such an action." *Jennings v. Rodriguez*, 583 U.S. 281, 295 n.3 (2018) (plurality op.) (emphasis in original); *see also Ozturk*, 136 F.4th at 399 (recognizing that "the discussion of § 1252(b)(9) in Jennings is not part of the plurality opinion of the Court," while also recognizing that "the relevant part of Jennings does not support the conclusion that § 1252(b)(9) bars jurisdiction over habeas challenges to detention" and that part "in fact rejected the government's 'expansive interpretation of § 1252(b)(9)'").

Petitioner specifically challenges Respondents' legal authority to subject him to mandatory detention under § 1225, instead of detention with a bond hearing under § 1226(a). This specific challenge does not constitute "a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25-CV-2650, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). Thus, § 1252(b)(9) provides no jurisdictional bar in this case.

-8-

In addition, Petitioner does not have the opportunity to "efficaciously" present his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 11). Under these procedural facts, the core of this dispute is whether Petitioner can be detained with no bond hearing, that is, with no administrative opportunity to contest his detention pending a removal determination. If § 1252(b)(9) precluded this habeas petition, Petitioner's detention would be effectively unreviewable, especially considering the BIA's novel position that immigration judges lack authority to entertain bond requests. *See Jennings*, 583 U.S. at 293; *In re Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

### 4. Conclusion Regarding Jurisdiction

For the reasons stated, the Court concludes Respondents' jurisdictional challenges fail, and the Court has jurisdiction to consider the arguments presented in the instant habeas petition.

## B. Review of Substantive Merits

Under Respondents' arguments concerning § 1225(b)(1), Petitioner is currently mandatorily detained because he was detained upon entering the United States within two years of his 2021 entry and released as an exercise of prosecutorial discretion rather than placed into expedited removal proceedings, which would have invoked a mandatory detention provision. The arguments seem to ignore his release and the NTA. ICE detained Petitioner in September 2025, more than four years after he entered the United States without inspection in 2021 (assuming for the sake of argument that he was re-entering the United States at that time) and more than four years after his initial entry in 2021. To

date, furthermore, there appears to be no determination of inadmissibility yet. Reliance on 8 U.S.C. § 1225(b)(1)(A)(iii)(II) is foreclosed under the facts of this case if Petitioner "has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under [subparagraph (b)]."

Section 1225(b)(1) requires detention of two categories of noncitizens who are subject to expedited removal: (a) "arriving" aliens and (b) aliens who have not "been physically present in the United States continuously for the 2-year period immediately prior to" being determined inadmissible under subparagraph (b). 8 U.S.C. § 1225(b)(1). Through § 1225(b)(1)(A), subparagraph (b) identifies only two bases for determining the noncitizen to be inadmissible—8 U.S.C. § 1182(a)(6)(C) (discussing aliens who seek admission by fraud or willful misrepresentation) and 8 U.S.C. § 1182(a)(7) (discussing required documentation for admission of immigrants and nonimmigrants).

Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(1)(A)(iii)(II) because he was detained in 2011, issued an NTA, and released. Not only is Respondents' position inconsistent with the NTA and release, it conflicts with the plain language of § 1225(b)(1).

As reflected in the NTA issued for Petitioner, he has not been designated as an "arriving alien." Thus, to contend that his present detention is authorized under § 1225(b)(1), Respondents must show that Petitioner was determined to be inadmissible under either 8 U.S.C. § 1182(a)(6)(C) or 1182(a)(7) within two years of his entry into the United States. But Petitioner has not yet been deemed inadmissible under any provision, including the two specific bases identified in subparagraph (b) of § 1225. The NTA charges him under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen "who arrived in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Respondents identify no other charge of

inadmissibility. Nor do they contend that Petitioner has been deemed inadmissible yet.

Respondents have made no admissibility determination under § 1225(b)(1)(A). Section 1226 applies under the facts here, *i.e.*, the Petitioner was initially detained more than two years ago, was released on his own recognizance, and "has been present without a determination of inadmissibility within two years of Petitioner's entry." *See Lopez v. Lyons*, No. 2:25-CV-03174-DJC-CKD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025). *Lopez* explains:

> Respondents seek to categorize Petitioner's initial 2022 contact with immigration officials as a "determination of inadmissibility" for purposes of section 1225(b)(1). But the Order of Release on Recognizance specifically states that Petitioner was released pursuant to section 1226. Thus, the claim that Petitioner should now be subject to expedited removal over three years after his initial entry into the United States when he was initially released under section 1226 is inconsistent with the facts and law.

*Id.* (footnote and citations omitted). This is precisely Respondents' position in this case. But, in general, § 1225(b)(1) "does not apply to aliens who are already present in the country." *Id.* (quoting *Rico-Tapia v. Smith*, ___ F. Supp. 3d ___, ____, 2025 WL 2950089, at *7 (D. Hawaii Oct. 10, 2025)). Furthermore, mere "unlawful presence" under § 1182(a)(6)(A)(i) cannot, as a textual matter, serve as grounds for the necessary inadmissibility determination required by § 1225(b)(1)(A).

Moreover, § 1225(b)(1) requires detention for certain aliens undergoing expedited removal proceedings. *See* 8 U.S.C. § 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). However, Respondents admit that Petitioner is currently in full removal proceedings. Respondents have conceded in other cases that a noncitizen cannot simultaneously be in both full and expedited removal proceedings. *See Patel v. Tindall,* No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). Thus, even if § 1225(b)(1) could apply to Petitioner as a general matter, he is not subject to expedited removal proceedings and, therefore, is not subject to the detention provisions of § 1225(b)(1).

Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist.

In sum, Respondents may not detain Petitioner under § 1225(b)(1). Because that provision is inapplicable under the facts, Petitioner's present detention necessarily falls under 8 U.S.C. § 1226, which entitles him to a bond hearing. *See Belsai D.S. v. Bondi*, No. 25-CV 3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (addressing § 1225(b)(2)). Despite Respondents' reliance on § 1225(b)(1), rather than § 1225(b)(2), this Court sees no material difference between the facts of this case and the numerous other habeas cases that raise the question of whether § 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. Under the facts here, whether Respondents premise detention on § 1225(b)(1) or (2), the issues surrounding the mandatory detention are essentially the same. If § 1225(b) applies to Petitioner under the facts of this case, then it makes detention mandatory for Petitioner. If not, § 1226(a) applies, thereby making detention discretionary.

As previously stated, § 1226(a) applies here. Absent an assertion by Respondents that they are detaining Petitioner under § 1226, the Court has no need to consider whether § 1226 is a valid basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). The same can be said regarding potential detention under § 1225(b)(2).[2] In addition, the Court will not consider any specific constitutional or other challenge presented. While the Court recognizes that Respondents' interpretation and application of §§ 1225(b) and 1226(a) may be the subject of a

---

[2]Nevertheless, this Court agrees that: "Overwhelmingly, courts have rejected the interpretation . . . that § 1225(b)(2) requires the detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Belsai D.S. v. Bondi,* No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases).

nationwide class action in the Central District of California, see *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, ___, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying proposed nationwide bond eligible class), the Court does not view that case as precluding it from granting habeas relief in this case at this time. There is no reason to delay Petitioner's release.

Although Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241, asserts claims under the APA, and seeks attorney fees in his petition, the Court treats the instant action solely as a habeas action under § 2241. Petitioner does not specifically bring any non-habeas claim and has not paid the required filing fee for any such claim. "The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief." *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020). Because fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one, *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), the Court denies any request for fees in this case.

Under the facts and circumstances of this case, this Court must conclude Petitioner's detention is unlawful, and habeas relief is proper.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus (docket no. 1). It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Jose Lazaro Brito Rosales (File No. A220-511-129) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than noon on January 12, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Guillermo M. Hernandez, III, ghernandez@rhc.law, (210) 922-8547] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

5. Respondents shall **FILE** a Status Report **no later than 5:00 p.m. January 12, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

A final Judgment will be issued separately.

It is so ORDERED.

SIGNED this 8th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE